# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE RETURN OF SEIZED 2000 F-150 TRUCK, VIN 1FTRF18WXYNB74239,<br><br>MITCHELL MARGARETICH,<br><br>        Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | CASE NO. 08 CV 1709 JM (JMA)<br><br>**ORDER DENYING MOTION FOR RETURN OF SEIZED PROPERTY AND DENYING MOTION TO COMPEL FILING OF A COMPLAINT FOR FORFEITURE**<br><br>Doc. No. 1 |

  Following the seizure of a 2000 Ford F-150 truck owned by the movant, Mitchell Margaretich ("Movant"), by federal law enforcement officers, and its subsequent administrative forfeiture by the Drug Enforcement Agency ("DEA"), Movant brings a motion for return of seized property, or in the alternative, to compel filing of a complaint for forfeiture. (Doc. No. 1.)

**I. Background**

  On June 4, 2007, at Campo, California, a 2000 Ford F-150 truck, VIN 1FTRF18WXYNB74239, owned by movant, Mitchell Margaretich ("Movant"), was subjected to a traffic stop by federal law enforcement officers. (Resp't Opp. at 1.) The vehicle was seized for forfeiture by the officers following the discovery of a large quantity of marijuana in a compartment in the bed of the pick-up truck. (Movant's Mem. P. & A. at 1 ("Mem."); Resp't Opp. at 1.)

On July 10, 2007, the DEA sent Movant a Notice of Seizure advising him of his right to contest the forfeiture in federal district court and providing directions on how to file a claim. (Mem., Ex. A.) The Notice advised a valid claim under 18 U.S.C. § 983(a)(2)(C) must: 1) identify the specific property being claimed; 2) state the claimant's interest in such property; and 3) be made under oath, subject to penalty of perjury. (Mem., Ex. A.) Movant timely filed a "claim" on August 13, 2007 (Mem., Ex. B), but the DEA rejected the claim as deficient for failing to state Movant's interest in the property and failing to state the information was provided under oath subject to penalty of perjury. (Mem. at 1-2, Ex. C.) In its rejection letter, dated August 22, 2007, DEA, "as a matter of discretion," gave Movant twenty additional days "from the date of [his] receipt of this letter" to perfect his claim. (Mem., Ex. C.)

When the DEA rejection letter was received on August 28, 2007 at Movant's Laguna Niguel home, he was out of state and his wife signed for the letter. (Mem. at 2:2-3.) The twenty-day deadline was September 17, 2007, but Movant did not return home until September 18, 2007. (Mem. at 2:3). One day later, Movant sent additional documentation to DEA to satisfy the claim requirements, as well as hotel receipts showing his absence from the state. (Mem. at 2:3-8, Ex. D.) The letter was received by DEA on September 21, 2007. (Resp't Opp. at 5:23-24.)

On October 1, 2007, DEA rejected Movant's second claim attempt as untimely, but informed Movant his submission would be considered as a Petition for Remission or Mitigation of Forfeiture. (Mem., Ex. E.) Movant was advised the review process could take 120 days or longer and he was given thirty days to submit additional evidence in support of the petition. (Mem., Ex. E.) Movant provided no further information during this period. (Resp't Opp. at 6). On October 18, 2007, DEA administratively forfeited the asset. (Mem., Ex. H.)

On May 1, 2008, six months later, Movant's newly-retained counsel did submit additional correspondence regarding the Petition. (Mem., Ex. F.) In the interim, Movant's criminal case had been dismissed for lack of probable cause for his initial traffic stop. (Mem., Ex. F.) Movant therefore argued the seizure and forfeiture were unlawful under the Fourth Amendment and violated his Eighth Amendment rights as excessive punishment. (Mem., Ex. F.) In a response dated July 9, 2008, DEA reviewed the record, noting any constitutional challenges to the seizure were precluded by Movant's

1  failure to bring a timely valid claim. (Mem., Ex. H.) Even so, DEA addressed the Eighth Amendment
2  issue and concluded the administrative forfeiture was proportional to and substantially connected with
3  Movant's offense.[1] (Mem., Ex. H.) Finally, DEA considered Movant's Petition for Remission or
4  Mitigation and determined the petition did not meet the minimum conditions since Movant did not
5  adequately demonstrate any mitigating factors to justify relief from forfeiture. (Mem., Ex. H.)
6  Pursuant to 18 C.F.R. § 9.3(j), Movant requested a reconsideration of the petition decision on July 28,
7  2008 (Mem., Ex. I), which was denied by DEA on August 15, 2008 (Mem., Ex. J).

## II. Discussion

Movant makes several arguments in support of his motion:  1) Movant's initial "claim" satisfied the requirements of 18 U.S.C. § 983(a)(2)(C); 2) Movant's corrected claim was timely filed; 3) in light of Movant's timely, valid claim, the government failed to timely file a complaint for forfeiture under 18 U.S.C. § 983(a)(3)(A) such that the property must be released under 18 U.S.C. § 983(a)(3)(B); and, alternatively, 4) the court should exercise its discretion to compel the government to file a complaint for forfeiture, allowing forfeiture to be decided on the merits.

### A. Subject Matter Jurisdiction and Legal Standards

Movant's submission is styled as a "motion for return of seized property," which the court interprets as a motion under Fed. R. Crim. P. 41(g). Pursuant to that procedural rule, once criminal proceedings have ended, one subject to an unlawful federal search and seizure may move for the return of the property in the district court for the district in which the property was seized. Fed. R. Crim. P. 41(g). However, a "motion for return of property...may be denied if the [former criminal defendant] is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture ...." U.S. v. Van Cauwenberghe, 934 F.2d 1048, 1061 (9th Cir. 1991); see also U.S. v. Martinson, 809 F.2d 1364, 1369 (9th Cir. 1987). "[C]ourts may rightfully refuse to return claimed property when...the property involved is forfeit pursuant to statute...." U.S. v. Farrell, 606

---

[1] DEA points out that, even though criminal charges were dropped because of an unlawful stop, Movant does not deny he was carrying over 300 pounds of marijuana in his truck.

1  F.2d 1341, 1347 (C.A.D.C. 1979). Resolution of the motion therefore coalesces with the motion to
2  set aside the forfeiture, as both questions center on whether Movant's property was the subject of a
3  constitutionally valid administrative forfeiture.

4  The administrative forfeiture process is governed by the Civil Asset Forfeiture Reform Act of
5  2000, 18 U.S.C. § 983 ("CAFRA"). Generally, a district court has jurisdiction over forfeiture
6  proceedings only when a noticed party files a timely claim pursuant to § 983(a), or where an interested
7  party who never receives notice moves to set aside the forfeiture as described in § 983(e). Section
8  983(e) provides the "exclusive remedy for seeking to set aside a declaration of forfeiture under a civil
9  forfeiture statute." 18 U.S.C. § 983(e)(5). Thus, once administrative proceedings are complete, district
10 courts lack jurisdiction to review the merits of the action, and may only review to determine whether
11 due process and procedural requirements were met. Mesa Valderrama v. U.S., 417 F.3d 1189, 1196
12 (11th Cir. 2005) (citing Arango v. U.S. Dep't of the Treasury, 115 F.3d 922, 925 (11th Cir. 1997)).
13
14 **B. Analysis**
15 Movant alleges the forfeiture should be set aside because his initial "claim" satisfied the
16 requirements of 18 U.S.C. § 983(a)(2)(C) and because his corrected claim was timely filed. As a
17 result, Movant suggests the government failed to file a timely complaint for forfeiture as required by
18 § 983(a)(3).
19
20 **1. Movant's Initial Claim**
21 Movant alleges the content of his initial claim, submitted August 13, 2007, satisfied the
22 statutory requirements of § 983(a)(2)(C). (Mem. at 4:13-14, 8:11-12.) Although Movant presently
23 makes no arguments in support of this position, the court notes Movant previously challenged DEA's
24 rejection of the claim in his July 28, 2008 letter to the agency. (Mem., Ex. I.)
25 First, Movant suggested merely listing himself as the owner of the vehicle was sufficient to
26 "state his interest in the property" as required by § 983(a)(2)(C)(ii). (Mem., Ex. I.) However,
27 CAFRA's legislative history demonstrates more is required. Claimants must provide *prima facie*
28 evidence of an interest in the subject property, supported by documentation such as an automobile title

1  or loan statement. See Stefan D. Cassella, The Civil Asset Forfeiture Reform Act of 2000: Expanded
2  Government Forfeiture Authority and Strict Deadlines Imposed on All Parties, 27 J. Legis. 97, 142
3  fn. 239 (2001).[2]  Movant corrected this deficiency in his subsequent filing with DEA by attaching a
4  copy of his California vehicle title.  (Mem., Ex. D.)

5      Second, Movant asserted the requirement that papers be signed "under oath, subject to penalty
6  of perjury" is "a mere technical violation" which "a number of courts have begun to look" beyond.
7  (Mem., Ex. I.)  Once again, Movant misses the mark.  Before CAFRA, to deter frivolous claims,
8  claimants were required to post a "cost bond."  When CAFRA eliminated the cost bond, the oath and
9  perjury requirements (along with the documentation requirement discussed above) provided a new
10 way to achieve the same result.  Cassella, supra, at 142 fn. 140.[3]  Notably, Movant corrected his
11 subsequent filing to meet the statutory obligation.

12     The court finds no due process or procedural defect in DEA's rejection of Movant's initial
13 claim for failure to meet the requirements imposed by § 983(a)(2)(C).

14

15     **2.  Movant's Corrected Claim**

16     Movant next argues his corrected submission, dated September 19, 2007 and received at DEA
17 on September 21, 2007, qualified as a timely, valid claim and triggered the government's obligation
18 to file a complaint for forfeiture.  (Mem. at 4.)  Since the government did not file a complaint within
19 the statutory 90-day window, according to Movant, his property must now be returned.  18 U.S.C. §
20 983(a)(3)(B).
21 //
22 //
23 //
24 //
25 //

---

[2] The article cites to Statement of Rep. Barr (April 11, 2000), Legislative History: Civil Asset Forfeiture Reform Act (CAFRA) of 2000 (May 2000) at 459 (published by the U.S. Department of Justice (469 pages)("DOJ Extract").

[3] The article cites to Statement of Sen. Hatch, DOJ Extract at 423.

Movant first implies DEA's August 22, 2007 notice of claim deficiencies was a new "personal notice letter" of a "notice of seizure," entitling him to another 35-day response period under § 983(a)(2)(B).[4] However, as acknowledged by Movant, the original Notice of Seizure was mailed to him on July 10, 2007. (Mem., Ex. A.) It is clear from the statute the term "personal notice letter" refers to one way a potential claimant may receive notice of the seizure, rather than to subsequent correspondence between the potential claimant and the government agency regarding the claim itself. (Mem., Ex. C.) In exercising its discretion to grant Movant twenty days to correct his claim's deficiencies, DEA did not provide a new "personal notice letter" or otherwise alter the statutory deadline.

Alternatively, Movant contends the twenty-day period DEA gave him to correct deficiencies did not begin to run until he personally received DEA's August 22 letter. (Mem. at 4.) This position places a much greater burden on the government to effect notice than is required by due process standards. In mailing correspondence to private parties, due process rights are satisfied if the government's efforts are "reasonably calculated, under all the circumstances, to apprise" one of the opportunity to respond. Dusenbery v. U.S., 534 U.S. 161, 173 (2002) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Actual notice is not required.

The record shows DEA mailed the correspondence to Movant's address of record by first-class mail. (Mem. at 4.) Movant's wife signed for the letter at his residence address on August 28, 2007. (Opp., Exs. 7-8.) The court finds these actions were constitutionally sufficient under the circumstances. Although Movant hypothesizes a host of situations that could cause mail service to fail, he provides no case law to contradict sixty years of Supreme Court precedent. DEA's letter providing Movant with a limited time to correct claim deficiencies comported with due process standards. Thus, Movant's opportunity to make the corrections expired September 17, 2007. Movant's corrected submission was not received at DEA until September 21, 2007, and was therefore properly rejected as untimely.

---

[4] Section § 983(a)(2)(b) provides: "A claim under subparagraph (A) may be filed not later than the deadline set forth in a personal notice letter (which deadline may not be earlier than 35 days after the date the letter is mailed)...."

**3. Government's Failure to File a Complaint for Forfeiture**

Because Movant failed to submit a valid, timely claim to DEA, the government had no obligation to file a complaint of forfeiture. The court declines to set aside the administrative forfeiture or to compel the government to file such a complaint.

**III. Conclusion**

For the reasons set forth above, the court hereby **DENIES** the motion for return of property and **DENIES** the motion to set aside the forfeiture and compel the government to file a complaint for forfeiture (Doc. No. 1). The Clerk of Court is instructed to close the case file.

**IT IS SO ORDERED.**

DATED: November 13, 2008

Hon. Jeffrey T. Miller
United States District Judge

cc:         All parties